IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM WHITTINGTON ROBERTS #1503850 | § § § | |
| V. | § § | A-11-CA-972-LY |
| TRAVIS COUNTY DISTRICT COURT, TEXAS MEDICAL BOARD, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE | § § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court is Petitioner's Application for Writ of Mandamus. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his Application for Writ of Mandamus, Petitioner was confined in the Michael Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Petitioner requests a writ of mandamus to compel the Travis County District Clerk to release his trial transcripts and the clerk's record to enable Petitioner to research and file a healthcare liability claim against Dr. Rex Medford and Dr. John Berdolla and to prove that his constitutional rights were violated by the 403rd Judicial District Court of Travis County, Texas. Petitioner further requests a writ of mandamus to compel the Texas Medical Board to release information relative to the filing of a healthcare liability claim against Dr. Medford and Dr. Berdolla. Petitioner finally requests a writ

of mandamus to compel the Texas Department of Criminal Justice to allow him the use of certified mail return receipt requested for the purpose of notifying Dr. Medford and Dr. Berdolla of a healthcare liability claim being filed against them.

DISCUSSION AND ANALYSIS

Although the writ of mandamus was abolished by FED. R. CIV. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651. Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

As explained previously to Petitioner in Cause No. A-10-CV-209-LY, the federal district courts do not have jurisdiction to issue the writ against a state actor or agency. See generally Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); accord, Noble v. Cain, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing Moye to hold that mandamus relief is not available to federal courts to direct state officials in the performance of their duties and function). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Thus, Petitioner's request for mandamus relief cannot be granted, because he seeks issuance of the writ against state actors.[1]

---

[1]Petitioner may also be attempting to challenge his state criminal conviction in Cause No. D-1-DC-07-206717. As explained previously to Petitioner, such a challenge should be presented to the Court in an application for habeas corpus relief. Forms for filing a federal application for

2

## RECOMMENDATION

It is therefore recommended that Petitioner's Application for Writ of Mandamus be dismissed without prejudice for want of jurisdiction.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of January, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

habeas corpus relief are available in the prison library.